HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL W. MCQUISTON,<br><br>    Plaintiff,<br><br>  v.<br><br>CHASE BANK N.A.,<br><br>    Defendant. | CASE NO. C16-5151 RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff McQuiston's Motion for Leave to proceed *in forma pauperis*, supported by his proposed complaint. [Dkt. #1]. This is the second case arising out of McQuiston's Chase mortgage (see McQuiston v Chase Manhattan Mortgage, *et al.*, Cause No. 12-cv-5534RBL, Western District of Washington). The complaints are virtually the same, but in the current itneration McQuiston has included discovery demands and requests, which are not properly part of a complaint.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th

Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

      A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

      McQuiston's complaint does not support in forma pauperis status. First, this case is a repeat of the prior case, in which McQuiston's claims against Chase were dismissed with prejudice [*see* Dkt. #12 in the prior case]. The claims are facially barred by *res judicata*. The doctrine of *res judicata* bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850, n. 4 (9th Cir. 2000); *Thompson v. King Co.*, 163 Wash. App. 184 (2011). This claim is literally a repeat of his prior claim. The claim is barred by the dismissal with prejudice of the same prior claim, arising out of the same transaction, against the same lender.

1  Second, the case is based on McQuiston's claim that his lender refuses to "show him the
2 original note." "Show me the note" is not a viable claim, or a viable defense to a foreclosure
3 action. Courts of this district routinely reject show-me-the-note claims. *See, e.g.*, *Mikhay v. Bank*
4 *of Am.*, *NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*,
5 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285,
6 at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D.
7 Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D.
8 Wash. 2010).  Indeed, the Washington Deed of Trust Act requires that a foreclosing lender
9 demonstrate its ownership of the underlying note to the trustee, not the borrower.  RCW
10 61.24.030(7).

11  There are other deficiencies, as well.  The compliant does not recite any facts; it contains
12 only conclusions and (misstated) legal principles. The "who what when where and why" of the
13 claim is missing, entirely.  A complaint must allege facts to state a claim for relief that is
14 plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial
15 plausibility" when the party seeking relief "pleads factual content that allows the court to draw
16 the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although
17 the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and
18 unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v.*
19 *L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d
20 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]
21 to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of
22 a cause of action will not do.  Factual allegations must be enough to raise a right to relief above
23 the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and
24

1 footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-
2 unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ). McQuiston's
3 proposed compliant fails to state a claim under this standard.

4     Finally, the claim appears to be time barred, as the prior case was filed more than three
5 years ago, and the events giving rise to it presumably occurred well before that.

6     For these reasons, McQuiston's *in forma pauperis* application is DENIED. He must pay
7 the filing fee or submit a proposed amended complaint addressing and remedying these
8 deficiencies **within 30 days** of this order, or the matter will be dismissed. Any amended
9 complaint must articulate FACTS supporting an identified, viable LEGAL CLAIM. It must
10 address and explain why it is not barred by the prior case's dismissal, and why it is not barred by
11 the passage of time. If it does not, the case will be dismissed without further notice.

12     IT IS SO ORDERED.

13     Dated this 9th day of March, 2016.

                                                  Ronald B. Leighton (as auth/dn)
                                                  United States District Judge